IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHNNIE MCDOWELL, )
)
                **Petitioner,** )    C.A. No. 07-88 Erie
)
v. )
)
EDWARD KLEM, et al., )
)
                **Respondents.** )

## MEMORANDUM ORDER

### I.

Respondents have filed a motion to dismiss Petitioner Johnnie McDowell's petition for writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2254. (Docket # 17). They contend that the petition should be dismissed as untimely under the one-year statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d). This statute provides, in relevant part, that a state prisoner has one year from the date his judgment of sentence becomes final (which is at the conclusion of his direct appeal) to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). See also Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). Additionally, AEDPA's limitations period is statutorily tolled during the pendency of a "properly filed" application for state collateral review. 28 U.S.C. § 2244(d)(2).

Petitioner has filed a response to the Respondents' motion in which he asserts that they have miscalculated AEDPA's limitations period and that his petition is timely. (Docket # 18). Petitioner is correct and the motion to dismiss shall be denied.

### II.

On April 21, 2002, a jury empaneled by the Court of Common Pleas of Erie County found Petitioner guilty of second degree murder, robbery, conspiracy to commit robbery, theft, and carrying firearms without a license. Petitioner filed a timely direct appeal with the Superior Court of Pennsylvania. On December 10, 2003, the Superior Court affirmed. Petitioner did not file a

1

petition for allowance of appeal in the Supreme Court of Pennsylvania. Accordingly, his judgment of sentence became final on or around January 9, 2004, the date on which the thirty-day period to file an allowance of appeal expired. Pa.R.A.P. 1113(a); see also Swartz, 204 F.3d at 419.

On or around February 26, 2004 – after approximately 48 days had expired on AEDPA's limitations period – Petitioner filed a timely *pro se* motion for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.Cons.Stat. § 9541 *et seq*. On October 7, 2004, the Honorable William R. Cunningham denied the PCRA motion. The Superior Court affirmed on November 10, 2005. Respondents state that Petitioner did not file a petition for allowance of appeal with Supreme Court of Pennsylvania. However, Petitioner has attached to his response to the motion to dismiss documents indicating that he filed a petition for allowance of appeal with the Supreme Court of Pennsylvania and that it was denied on June 21, 2006. (Docket # 18, Appendix C). Respondents have not filed a reply to contest Petitioner's assertion that he did in fact pursue a petition for allowance of appeal. Additionally, a review of the docket of the Supreme Court of Pennsylvania, of which this court shall take judicial notice, confirms that Petitioner did file a petition for allowance of appeal with that Court and that it denied his petition on June 21, 2006. Commonwealth v. McDowell, Supreme Court of Pennsylvania Allocatur Docket No. 53 WAL 2006.

Thus, Petitioner's PCRA proceeding tolled AEDPA's limitations period from on or about February 26, 2004 through June 21, 2006. 28 U.S.C. § 2244(d)(2).[1] See also Lawrence v. Florida, — U.S. —, 127 S.Ct. 1079 (2007). AEDPA's statute of limitations began to run again on June 22, 2006, and Petitioner (having approximately 317 days remaining on that limitations period) had until on or around May 5, 2007 to file a timely federal habeas petition with this court.

On April 25, 2007, Petitioner, proceeding *pro se*, placed his federal petition for writ of habeas corpus in the prison mailing system. (Docket # 5 at 16-17). This court received it, along

---

[1] Respondents concede that Petitioner's PCRA proceeding tolled AEDPA's limitation period pursuant to 28 U.S.C. § 2244(d)(2). (Docket # 17 at ¶¶ 8, 12).

2

with a motion to proceed *in forma pauperis*, on April 30, 2007.[2] (Docket # 1 & 2). The "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Accordingly, Petitioner filed his petition for writ of habeas corpus within AEDPA's limitations period and Respondents' contention that it should be dismissed as untimely is without merit.

### III.

AND NOW, this 10th day of April, 2008, it is hereby **ORDERED** that Respondents' motion to dismiss (Docket # 17) is **DENIED**.

It is further **ORDERED** that within twenty days of receipt of this order, the District Attorney of Erie County shall respond to the allegations of the petition for writ of habeas corpus. The District Attorney shall address: (1) the exhaustion of state court remedies as required by 28 U.S.C. § 2254(b) and Picard v. Connor, 404 U.S. 270 (1971); Rose v. Lundy, 455 U.S. 509 (1982); United States ex. rel. Trantino v. Hatrack, 563 F.2d 86 (3d Cir. 1977); Zicarelli v. Gray, 543 F.2d 466 (3d Cir. 1976), with respect to each claim raised by the Petitioner and, if appropriate, whether any of the claims were procedurally defaulted; and, (2) the merits of the petition. The answer shall comply with Rule 5 of the Rules Governing Habeas Corpus Cases Under Section 2254.

It is further **ORDERED** that the Clerk of Courts shall return the state court records to the Court of Common Pleas of Erie County. On the date the District Attorney files the answer, the District Attorney shall resubmit the state court records, including all transcripts, all briefs filed by Petitioner, and all written opinions of the state court as well as certified copies of the docket sheets of all the state courts involved.

*Maurice B. Cohill, Jr.*
The Honorable Maurice B. Cohill, Jr.
United States District Court Judge

---

[2] Petitioner's motion to proceed *in forma pauperis* was denied. (Docket # 3). On May 30, 2007, he paid the $5.00 filing fee and the petition was docketed. (Docket # 4 & 5).

3

cc: All counsel of record and via first class mail to:

Johnnie McDowell    FC-5686
SCI Mahanoy
301 Morea Road
Frackville, PA 17932